IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nathaniel Muhammad,<br><br>                      Petitioner,<br><br>      v.<br><br>Warden Cartledge,<br><br>                      Respondent. | Civil Action No.:2:14-cv-3156-DCN-MGB<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

      The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 15; see also Dkt. No. 14.)

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

      The Petitioner brought this habeas action on or about July 18, 2014. (See Dkt. No. 1 at 14 of 16.) On December 5, 2014, Respondent filed a Motion for Summary Judgment. (Dkt. No. 15; see also Dkt. No. 14.) By order filed December 8, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 16.) Petitioner filed a Response in Opposition to the Motion for Summary Judgment on or about January 9, 2015. (See Dkt. No. 25; see also Dkt. No. 31.)

**PROCEDURAL HISTORY**

      The Petitioner is currently confined at McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In August of 2004, the Dorchester County Grand Jury indicted Petitioner on five counts of kidnapping, two counts of armed robbery, and one count

1

of failure to stop when signaled by a law enforcement vehicle. (R. at 547-62.) Petitioner was represented at trial by Kenneth Cooper, Esquire. (See R. at 4.) Petitioner proceeded to a jury trial before the Honorable Diane S. Goodstein on January 24-26 of 2005. (See R. at 4-546.) The jury convicted Petitioner as charged, and Judge Goodstein sentenced Petitioner to life without the possibility of parole on each count of kidnapping and armed robbery; she sentenced Petitioner to three years, concurrent to the other sentences, on the conviction for failure to stop when signaled by a law enforcement vehicle. (R. at 541-45.)

Petitioner appealed and was represented by Joseph L. Savitz, III, Esquire, of the South Carolina Office of Appellate Defense. (See Dkt. No. 14-7.) In an Anders[1] brief filed on September 7, 2006, Petitioner raised the following issue:

> The trial judge committed reversible error by refusing to suppress Muhammad's statement to the police, since it was induced by the interrogating officer's offer of leniency and was thus involuntary.

(Dkt. No. 14-7 at 4 of 10.) Mr. Savitz also filed a petition to be relieved as counsel. (Id. at 8 of 10.) In an unpublished opinion filed on January 14, 2008, the South Carolina Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. (Dkt. No. 14-8.) The remittitur was issued on January 30, 2008. (Dkt. No. 14-9.)

Petitioner filed an application for post-conviction relief ("PCR") on December 17, 2008, wherein he raised the following issues: "ineffective assistance of counsel" and "due process." (R. at 564-89.) On December 22, 2009, Petitioner, through Charles T. Brooks, III, Esquire, filed a memorandum in support of his PCR application. (R. at 570-73.) In that memorandum, Petitioner alleged he was being held in custody unlawfully for the following reasons:

(A) Ineffective assistance of Trial Counsel

(B) Due Process/equality

(C) Deprived of interest by appointed trial counsel.

---

[1] Anders v. California, 386 U.S. 738 (1967).

(R. at 570.) Specifically, Petitioner contended that trial counsel "deprived him of an effective trial by allowing the State prosecution to give applicants co-defendant a plea bargain and allowing the State to take him to have a jury trial even after knowing they both were guilty of the charge that was lodged against them." (R. at 571.) He also alleged trial counsel failed "to investigate the circumstances of [Petitioner's] life as part of his preparation for the penalty phase." (R. at 571.) Under the heading of "MULTIPLICITY," Petitioner stated (verbatim),

> Now according to the procedure both applicant and co-defendant was charged with these same eight indictments, the State abused her powers by allowing two separate trials. Sentencing one to life without parole because the Solicitor seeks this for one by name therefore making it a "race" trial, and sentencing the other to a shorter punishment by offering him a plea bargain, because of the different race (one (1) black male and one (1) caucasian male.

(R. at 572.) Petitioner asserted he "did not have enough time with trial counsel" and that had he known he was facing a life sentence, he would have taken a plea in order to receive a twenty-five year sentence. (R. at 572-73.)

On December 9, 2009, an evidentiary hearing was held before the Honorable Edgar Dickson. (R. at 578-612.) Petitioner was present and represented by Charles T. Brooks, III, Esquire. (See R. at 578.) In an order dated March 1, 2011, Judge Dickson denied the application for post-conviction relief and dismissed the petition. (R. at 613-18.)

Petitioner, through his attorney Breen Richard Stevens of the South Carolina Commission on Indigent Defense, filed a Johnson Petition for Writ of Certiorari on October 24, 2011. (See Dkt. No. 14-11.)[2] Through counsel, Petitioner raised the following issue:

> Whether the PCR court erred in dismissing Petitioner's claim that his sentence of life without parole was unfairly disparate from his co-defendant's sentence of thirty years where both defendants were charged with armed robbery and kidnapping, both were scheduled for a joint trial, yet the trials were severed due to insufficient amount of jurors, and where Petitioner's prior conviction is constitutionally infirm?

---

[2]See Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

3

(Dkt. No. 14-11 at 3 of 14.) Mr. Stevens also filed a petition to be relieved as counsel. (Dkt. No. 14-11 at 13 of 14.) Petitioner filed a *pro se* response to the Johnson petition, wherein he raised the following issues (verbatim):

> (1) Whether the trial counsel rendered ineffective assistance by failing produce evidence in the record that Vollbrecht clearly had a prior record.
>
> (2) Whether trial counsel fell below an objective standard of reasonableness for failure to argue the North Carolina out of state statute concerning a sentence enhancement on prior conviction.
>
> (3) Whether the petitioner had a statutory right under the Due Process Clause of the Fourteenth to have an attorney to represent and help him with the PCR hearing.
>
> (4) Was petitioner prejudice by counsel not being effective in his representation on his pointing out the descrepency by the PCR court failed to hold co-defendant Vollbrecht to the same potential charge and sentence of life imprisonment.
>
> (5) Was trial counsel ineffective for failure to challenge that both defendants was charge with identical offenses and Muhammad received life without parole and co-defendant Vollbrecht received a guilty plea of (30) thirty years which was very prejudicial to Mr. Muhammad.
>
> (6) Whether the PCR court erred in dismissing petitioner's claim that his sentence of life without parole was unfairly disparate from his co-defendant's sentence of thirty years where both defendants were charged with armed robbery and kidnapping, both were scheduled for a joint trial, yet the trials were severed due to insufficient amount of jurors, and where petitioner's prior conviction is constitutionally infirm?
>
> (7) Did the due process demanded fundamental fairness that petitioner should have received effective assistance of trial counsel under the Sixth Amendment through the Fourteenth Amendment.
>
> (8) The PCR court committed prejudicial reversible error by his failing to object and to the court have the co-defendant Vollbrecht prior record introduce into the trial.
>
> (9) Did petitioner have a right to effective assistance of PCR counsel under McMann v. Richardson.

(Dkt. No. 14-12 at 2-4 of 17.)

In an order filed July 3, 2014, the South Carolina Court of Appeals denied the petition for writ of certiorari and granted counsel's request to withdraw. (Dkt. No. 14-13.) The matter was remitted to the lower court on July 21, 2014. (Dkt. No. 14-14.)

Petitioner then filed the instant habeas petition, wherein he raised the following ground for review (verbatim):

> **Ground One**: Ineffective assistance of counsel, Due Process/Equality, deprived of interest by appointed trial counsel.
> **Supporting Facts**: Applicant claims that his trial counsel prejudiced him of an effective trial by allowing the state prosecution to give applicants co-defendant a plea bargain and allowing state to take him to have a jury trial even after knowing they both were guilty of the charge that was lodged against them. Applicant pursuant by seeks life with(out) parole S.C. Code 17-25-45 using his 1991 North Carolina prior conviction(s) for enhance his punishment.

(Dkt. No. 1 at 5 of 16.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

As noted above, Respondent seeks summary judgment in the instant case. (See Dkt. No. 15; see also Dkt. No. 14.) For the reasons set forth herein, the undersigned recommends granting Respondent's motion.

Petitioner asserts that his trial counsel was ineffective "by allowing the state prosecution to give [Petitioner's] co-defendant a plea bargain and allowing [the] state to take [Petitioner] to have a jury trial even after knowing they both were guilty of the charge that was lodged against

them." (Dkt. No. 1.) In his PCR proceeding, Petitioner asserted counsel was ineffective, and the PCR court addressed the claim as follows:

> Applicant also stated that he felt he was tried prior to his co-defendant due to racial discrimination. Applicant and his co-defendant, William Vollbrecht ("Vollbrecht"), were to be tried jointly. There was an insufficient number of jurors for the joint trial. (Tr. pp. 133-144.) Thereafter, the decision was made that Applicant would be tried first. (Tr. p. 157, lines 10-14.) A jury was selected for Applicant's trial the following day. (Tr. pp. 226-240.) Following jury selection, Counsel raised his client's concern that he was tried first due to racial and religious discrimination during pretrial motions. (Tr. p. 255, line 15 - p. 257, line 24.) The motion was denied and Applicant's exception noted. (Tr. p. 257, lines 3-23.) Because the motion was made, this allegation raises direct appeal issues that are procedurally barred by S.C. Code Ann. § l7-27-20(b). Post-conviction relief is not a substitute for a direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1974). A post-conviction relief application cannot assert any issues that could have been raised at trial or on direct appeal. Ashley v. State, 260 S.C. 436, 196 S.E.2d 501 (1973). Applicant further asserts ineffective assistance of counsel in failing to challenge the disparity of sentences between himself and Vollbrecht. The Clerk of Court's records reflect that Vollbrecht pled guilty to three (3) counts of Kidnapping and two (2) counts of Armed Robbery on February 24, 2005, and was sentenced to an aggregate term of thirty (30) years imprisonment. Counsel could not have known of Vollbrecht's sentence at the time of trial. This court more importantly notes that Applicant was sentenced to life imprisonment pursuant to S.C. Code §17-25-45, commonly referred to as the "recidivist statute." Applicant was sentenced pursuant to S.C. Code § l7-25-45(A) (2004) due to a prior conviction for a most serious offense, armed robbery. (Tr. p. 538, line 3 – p. 539, line 25; p. 542, line 18 – p. 545, line 22.) At the time of Applicant's conviction, the provisions of § 17-25-45(A) were mandatory. S.C. Code § 17-25-45(G) (2004). Therefore, if Applicant had entered a guilty plea, the resulting sentence would be no different for him. There is no indication that Vollbrecht was subject to S.C. Code § 17-25-45(A & G) (2004).

(R. at 616-17.)

The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 562 U.S. 86, 105 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105.

To the extent Petitioner claims that counsel was ineffective in failing to object to Petitioner being tried before Petitioner's co-defendant, he is not entitled to federal habeas relief. Such a claim is meritless, as it is clearly refuted by the record: counsel *did* object but was simply overruled. See Mason v. Allen, 605 F.3d 1114, 1121 (11th Cir. 2010) ("To the extent that Mason argues that the State failed to advise him of his Miranda rights, we find this claim refuted by the record. Accordingly, we cannot say that the state court's ruling on the legality of his confession is contrary to or an unreasonable application of clearly established federal law ."); see also Wallace v. Sec'y, Fla. Dep't of Corr., Civ. A. No. 5:11-cv-325-Oc-29PRL, 2013 WL 5929338, at *6 (M.D. Fla. Nov. 4, 2013) (rejecting the petitioner's claim that the prosecution breached the terms of his plea agreement, stating, "[I]n addition to being refuted by the plea colloquy and the plea agreement, the transcript[] of the plea negotiations compels a conclusion that Brigham did not offer to investigate Petitioner's alibi in exchange for a guilty plea. Therefore, Petitioner's assertion that the postconviction denial of this claim was based upon an unreasonable

8

determination of the facts is conclusively refuted by the record, and this claim is denied. 28 U.S.C. § 2254(d).").

To the extent Petitioner claims that counsel was ineffective in allowing Petitioner to receive a sentence of life without parole, while Petitioner's co-defendant received a sentence of thirty years, the PCR court noted that Petitioner's co-defendant pled guilty on February 24, 2005. (R. at 617.) Petitioner was tried on January 24-26 of 2005, and sentenced on January 26, 2005. (See R. at 613-14.) The PCR court correctly noted that trial counsel "[c]ould not have known of Vollbrecht's sentence at the time of trial." (R. at 617.) Accordingly, the state court's rejection of this claim of ineffective assistance of counsel does not warrant federal habeas relief. See Wajda v. United States, 64 F.3d 385, 388 (8th Cir. 1995) ("Counsel could not be expected to make a *Johnson*-type of argument before *Johnson* was decided; counsel's performance is not deficient by failing to predict future developments in the law.").

Petitioner may also be attempting to assert a claim that trial counsel was ineffective in failing to challenge the use of Petitioner's "1991 North Carolina prior conviction(s) [to] enhance his punishment." (Dkt. No. 1 at 5 of 16.) Petitioner did not raise any such allegation in his application for PCR, and the PCR court did not address any such allegation. (See R. at 564-73, 613-18.) Accordingly, any claim that trial counsel was ineffective in failing to challenge the use of Petitioner's "1991 North Carolina prior conviction(s) [to] enhance his punishment" is procedurally barred. See Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004) (concluding that certain grounds are "procedurally defaulted as a result of [the petitioner's] failure to raise them in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision"); Montgomery v. Bodison, C.A. No. 6:09-778-HMH-WMC, 2010 WL 297667, at *4 (D.S.C. Jan 20, 2010) (although petitioner raised some claims in his petition, they were procedurally barred because the PCR court did not rule on them, and petitioner did not file a Rule 59(e) motion); Miller v. Padula, C.A. No. 2:07-3149-PMD, 2008 WL 1826495, at *10

(D.S.C. Apr. 23, 2008) (concluding the petitioner's claim that counsel was ineffective for failing to challenge the lack of timely action on the arrest warrant was not properly exhausted because the claim was not raised during the PCR hearing, and "[a]n issue not ruled upon by the PCR judge is not preserved for review on appeal," and the petitioner's "attempt to raise the new issue in his post-trial motion was insufficient to preserve the issue for appeal").[3]

      Finally, to the extent Petitioner contends–in a claim separate from his claim of ineffective assistance of counsel–that the sentencing disparity between Petitioner and his co-defendant violates his Due Process or Equal Protection rights, Respondent is entitled to summary judgment. The undersigned has reviewed the record, and while Petitioner's counsel raised the issue in a footnote in his Johnson Petition for Writ of Certiorari, (Dkt. No. 14-11 at 7 n.6), it does not appear that the lower court ever ruled upon any such standalone claim. The claim is therefore defaulted. See Matthews v. Evatt, 105 F.3d 907, 911-17 (4th Cir. 1997), abrogated on other grounds by Miller-El v. Dretke, 545 U.S. 231 (2005); see also Montgomery, 2010 WL 297667, at *4. Furthermore, the state court noted that "[a]t the time of [Petitioner's] conviction, the provisions of § 17-25-45(A) were mandatory," and Petitioner "was sentenced pursuant to S.C. Code § l7-25-45(A) (2004) due to a prior conviction for a most serious offense, armed robbery." (R. at 617.)[4] In any event, the United States Constitution does not require "that two persons

---

[3] Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012). In the alternative for showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence, Bousley v. United States, 523 U.S. 614, 623 (1998); see also Schlup v. Delo, 513 U.S. 298, 327 (1995), or abandonment by counsel. Maples v. Thomas, 132 S. Ct. 912, 924 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)). Petitioner has not made any showing sufficient to overcome the procedural bar.

[4] South Carolina Code § 17-25-45(A) provides, *inter alia*,
[E]xcept in cases in which the death penalty is imposed, upon a conviction for a most serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has either:
(1) one or more prior convictions for:

convicted of the same offense receive identical sentences." <u>Williams v. Illinois</u>, 399 U.S. 235, 243 (1970); <u>Dellinger v. Bowen</u>, 301 F.3d 758, 767-68 (7th Cir. 2002) (rejecting an argument by a habeas petitioner that it was a violation of equal protection for "any court to arbitrarily sentence two co-defendants, who are identically situated, to materially different terms of imprisonment" and noting that the petitioner did not identify "any Supreme Court precedent establishing that it is a violation of the Equal Protection Clause to receive a greater sentence than one's partner in crime"); <u>cf. United States v. Ellis</u>, 975 F.2d 1061, 1066 (4th Cir. 1992) ("We conclude that, absent proof of actual prosecutorial misconduct, which is not the case here, a district court may not depart downward based upon the disparity of sentences among co-defendants."). The undersigned therefore recommends granting summary judgment to Respondent on this claim as well as all other claims set forth in the § 2254 petition.

---

        (a) a most serious offense; or
        (b) a federal or out-of-state conviction for an offense that would be classified as a
        most serious offense under this section. . . .

S.C. CODE ANN. § 17-25-45(A). Armed robbery and kidnapping are both listed in the section as "most serious" offenses. <u>See</u> S.C. CODE ANN. § 17-25-45(C)(1). Petitioner makes much of the following statement in the PCR court's order: "There is no indication that Vollbrecht was subject to S.C. Code § 17-25-45 (A & G) (2004)." (R. at 617.) In his Response in Opposition to the Motion for Summary Judgment, Petitioner attaches a document filed in his co-defendant's case. (<u>See</u> Dkt. No. 25-1.) The document is addressed to Vollbrecht and Vollbrecht's attorney and indicates the "State intends to rely upon the defendant's [(Vollbrecht's)] prior conviction(s) of 1st Degree Rape to statutorily enhance his punishment." (<u>Id</u>.) There was no discussion of Vollbrecht's prior record at the PCR hearing, and in any event, South Carolina Code Section 17-25-45 also provides, "The decision to invoke sentencing under this section is in the discretion of the solicitor." S.C. CODE ANN. § 17-25-45(G).

**CONCLUSION**

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 15) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[5]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 22, 2015
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[5] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>   **Robin L. Blume, Clerk**
>   **United States District Court**
>   **Post Office Box 835**
>   **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).